UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

JAMES EAKES                                                                         PLAINTIFF

v.                                                CIVIL ACTION NO. 5:21-CV-P20-TBR

COMMONWEALTH OF KENTUCKY et al.                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

      Plaintiff, James Eakes, filed a *pro se, in forma pauperis* 42 U.S.C. § 1983 civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I. STATEMENT OF CLAIMS**

      Plaintiff, a former corrections officer at the Fulton County Jail, names as Defendants the Commonwealth of Kentucky; Fulton County; Fulton County Jail; James Martin; Fulton County Judge Executive; Leslie Woods, Fulton County Treasurer; and Steven Williams and Stantham Williams, both Fulton County Jailers.[1] In his amended complaint (DN 7), Plaintiff alleges wrongful termination and refers to Kentucky discrimination and whistleblower laws, 42 U.S.C. § 1983, Title VII of the Civil Rights Act (CRA) of 1964, and "Title 9."[2]

      Plaintiff alleges that he "fell victim to a conspiratory plot by the named Defendants to discredit and implicate him in an inmate-abuse accusation using manufactured evidence against him moving him to prosecution all upon unfounded, unwarranted and unjustified grounds for

---

[1] Eakes is currently incarcerated in federal prison after having been convicted of violating an inmate's constitutional rights by repeatedly tasing an unarmed inmate after the inmate cursed him from behind a locked cell door. *United States v. Eakes*, No. 5:18-CR-23-TBR; *United States v. Eakes*, 843 F. App'x 719, 721 (6th Cir. 2021). Eakes was indicted in August 2018 and convicted on April 29, 2019. *United States v. Eakes*, No. 5:18-CR-23-TBR (DN 37).

[2] Per the Court's Order (DN 3), the amended complaint supersedes the original complaint (DN 1).

termination[.]" He further alleges that he intended to present to an FBI agent "[h]is knowledge that certain key figures . . . engaged in activities that included introduction of contraband into the jail for profit, sexual favors for profit, and falsified and altered reporting" but "was immediately named in an act of 'excessive force' without evidence of same." Plaintiff asserts that he will prevail under "Kentucky wrongful discharge laws under federal anti-retaliation laws as prescribed under Title 42 U.S.C. § 2000e-3 and KRS §§ 344.200, .280(1) thereof."

As relief, Plaintiff asks for compensatory and punitive damages.

Before conducting its initial screening, the Court provided Plaintiff the opportunity to show cause why his Title VII claim should not be dismissed for failure to obtain a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC); describe with specificity what he alleges each named Defendant did or did not do in violation of his rights; and include the dates, or approximations thereof, of when these actions occurred.

Plaintiff responded (DN 10) with a request for an extension of time of 30 days to file a statement of claims. As reason, he cites "COVID-19 pandemic-related lockdowns, prison scheduling issues, and difficulty accessing the legal library and legal resources." However, attached to that request are pages from the complaint form which include allegations about several of the named Defendants; an addendum explaining that he does not have a right-to-sue letter from the EEOC; and an explanation that he is not sure of some of the exact dates when the relevant actions occurred but which also provides pertinent dates. Because the information in Plaintiff's response (DN 10) is responsive to the Court's Order, the Court finds that no extension of time is necessary and **DENIES** Plaintiff's request for an extension of time (DN 10).

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 at 604. A case is frivolous if it lacks an arguable basis either in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### A. Section 1983 claims

Plaintiff states that when he was indicted on August 14, 2018 he was put on administrative leave without pay and then six months later, *i.e.*, on or about February 14, 2019, Defendant Martin and the Fulton County Magistrates stopped his insurance. Plaintiff does not state when he was terminated, but the Court takes judicial notice that that his pretrial memorandum filed on April 23, 2019, in his criminal case referred to him as a "former corrections officer" and that he was convicted on April 29, 2019. *See United States v. Eakes*, 5:18-CR-23-TBR (DNs 30 and 37). This case was filed February 1, 2021.[3]

---

[3] Under the prison mailbox rule a civil complaint from *pro se* prisoners is considered filed as of the day it is given to prison officials for mailing. *See, e.g.*, *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

It is clear that Plaintiff was put on administrative leave, lost his insurance, and was terminated from his job more than a year before he filed this civil action, making those claims time-barred. Consequently, his 1983 claims will be dismissed for failure to state a claim upon which relief may be granted.

### B. Title VII claim

It appears that Plaintiff seeks to bring a wrongful termination claim under Title VII.

Title VII of the Civil Rights Act of 1964 "prohibits an employer from retaliating against an employee who has 'opposed' any practice by the employer made unlawful under Title VII[.]" *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 578 (6th Cir. 2000). It is well settled, however, that a plaintiff must first exhaust administrative remedies before filing a discrimination lawsuit under Title VII in federal court. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F. 3d 724, 731 (6th Cir. 2006). Before filing suit in federal court under Title VII, the plaintiff must first timely file a relevant charge of discrimination before the EEOC or corresponding state agency. *Amini v. Oberlin Coll.*, 259 F.3d 493, 398 (6th Cir. 2001). The purpose of this requirement is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. *Randolph*, 453 F.3d at 731-32 (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)). The plaintiff must file a charge with the EEOC within one hundred and eighty days after the alleged unlawful employment practice occurred.

42 U.S.C. § 2000e-5(e)(1). If the EEOC elects not to prosecute the plaintiff's discrimination charge, it shall issue a notice of right to sue to the plaintiff. 29 C.F.R. § 1601.28(b). Upon receipt of the notice of right to sue, the plaintiff has ninety days in which to bring a federal action alleging violation of Title VII. 42 U.S.C. § 2000e–5(f)(1).

A right-to-sue letter, while not a jurisdictional requirement, is a condition precedent to maintaining an employment-discrimination claim under Title VII. *See Rivers v. Baberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998). "A plaintiff's failure to satisfy the condition precedent of exhausting administrative remedies can result in dismissal of the action without prejudice." *Bowman v. Wendy's Restaurants*, No. 1:09CV-60-M, 2009 WL 1421015, at *2 (W.D. Ky. May 20, 2009).

In Plaintiff's response to the Court's Order, he states that "attempts were made to approach the Kentucky Office of the [EEOC]," but he does not affirmatively state that he filed a relevant charge of discrimination before the appropriate agency, and he admits that he does not have a right-to-sue letter. *See* DN 10. Consequently, the Court will dismiss this claim for failure to exhaust administrative remedies. *See Thomas v. Haaland*, No. 1:19CV-157-GNS, 2021 WL 1554421, at *6 (W.D. Ky. Apr. 20, 2021) (dismissing Title VII claim for failure to exhaust administrative remedies where the plaintiff did not present the Court with a right-to-sue letter).

C. "Title 9" claim

Plaintiff refers to "Title 9 protection" but does not elaborate further.

The Court presumes that Plaintiff is referring to Title IX of the Civil Rights Act of 1972. That statute provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving federal financial assistance[.]" 20 U.S.C. § 1681(a).

This statute has no relevance to Plaintiff's claims and, therefore, the Court will dismiss this claim. *See, e.g.*, *Driscoll v. Chemung Cty.*, No. 17-CV-6752 CJS, 2019 WL 10301642, at *11 (W.D.N.Y. Apr. 18, 2019).

### D. State-law claims

Because the Court will dismiss Plaintiff's federal claims, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if-- (3) the district court has dismissed all claims over which it has original jurisdiction[.]").

### III. CONCLUSION

For the foregoing reasons, the Court will enter a separate Order of dismissal.

Date: May 6, 2022

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
       Defendants
4413.009